**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FILED
CLERK
**8/11/2026**
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

-----------------------------------------------------------------X

JUNIOR ANTONIO CRUZ DILONE, CRISTIAN ROLANDO VALLEJO BUSTAMANTE, LUIS B. ASTUDILLO BRITO, LUDWIN ROCCHE, MAYNOR DESIDERIO GONZALEZ TZUNU, ADRIAN JOSE POZO CORREDOR, XALCUACO CAMILO RAMOS, MAYNOR EFRAIN CRUZ RODRIGUEZ, MARIO ERNESTO MUNTO GOMEZ, CESAR ANTONIO BAIRES LOPEZ, ANGEL MARTINEZ DE LUNA, MARIO RAMIRO URBANO, MARGARITO TELIHUIT TACOMUL, LUIS ALCIVAR BALTAZAR MOPOSITA, FRANCISCO J. GASPAR, DAVID A. MARTINEZ FLORES, EDWIN ADONYS RIVERA ARCHILA, ERVIN JOSE ACUÑA ALFARO, LEANDRO LOPEZ ESPINOZA, WALTER GIOVANNI ORTIZ OLIVA, WESTER ANTONIO VELASQUEZ ESPINOZA, and GERSAN MAYQUEL VALLEJOS AVILA, individually and on behalf of all others similarly situated,

*Plaintiff*,

-against-

HIGH LEVEL CONCRETE CORP., CONCRETE COURSES CONCEPTS CORP., and BROADWAY CONSTRUCTION GROUP LLC, and RUI PEDRO RALHA, MARIO C. PERES and LUIS M. PEREIRA, as individuals,

*Defendants*,

-against-

GOWANUS DOUGLASS CM LLC,

*Third-Party Defendant*.

-----------------------------------------------------------------X

**MEMORANDUM**
**AND ORDER**

25-CV-06095 (JMW)

**A P P E A R A N C E S:**

Alexander Banzhaf,
David G. Skillman
**Tuttle Yick LLP**
352 Seventh Avenue, 14th Floor

New York, NY 10001
*Attorney for Third-Party Defendants Gowanus Douglass CM LLC*

Richard B. Ziskin
**The Ziskin Law Firm, LLP**
6268 Jericho Tpke., Suite 12A
Commack, NY 11725
*Attorneys for Defendant and Cross Claimant High Level Concrete Corp.*

*No further appearances*

**WICKS**, Magistrate Judge:

Plaintiffs[1] commenced the underlying action asserting various claims for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), including *inter alia* the failure to pay wages and overtime wages. (*See generally*, ECF No. 1.) The Complaint was filed against Corporate Defendants High Level Concrete Corp. ("High Level"), Concrete Courses Concepts Corp. ("CCCC"), Broadway Construction Group LLC ("BCG"), Rui Pedro Ralha ("Ralha"), Mario C. Peres ("Peres"), and Luis M. Pereira ("Pereira", and collectively, the "Defendants").

While this case is less than a year old, there have been multiple pleadings, which consist of crossclaims and third-party complaints in this action. CCCC and Pereira (the "CCCC Defendants") filed a Third-Party Complaint against Jared Rasheed ("Rasheed") and Quidvis Holdings Corp. ("Quidvis" and with Rasheed, the "Quidvis Defendants") alleging breach of fiduciary duty by Rasheed and unjust enrichment of the Quidvis Defendants. (*See generally*,

---

[1] The Plaintiffs are: Junior Antonio Cruz Dilone, Cristian Rolando Vallejo Bustamante, Luis B. Astudillo Brito, Ludwin Rocche, Maynor Desiderio Gonzalez Tzunu, Adrian Jose Pozo Corredor, Xalcuaco Camilo Ramos, Maynor Efrain Cruz Rodriguez, Mario Ernesto Munto Gomez, Cesar Antonio Baires Lopez, Angel Martinez De Luna, Mario Ramiro Urbano, Margarito Telihuit Tacomul, Luis Alcivar Baltazar Moposita, Francisco J. Gaspar, David A. Martinez Flores, Edwin Adonys Rivera Archila, Ervin Jose Acuña Alfaro, Leandro Lopez Espinoza, Walter Giovanni Ortiz Oliva, Wester Antonio Velasquez Espinoza, and Gersan Mayquel Vallejos Avila. (*See* ECF No. 1 at 1.)

ECF No. 18.) BCG filed crossclaims against all co-defendants (ECF No. 27), and a Third-Party Complaint ("Amended Third Party Complaint") against Gowanus Douglass CM LLC ("Gowanus") for breach of contract, contribution, and indemnification (ECF No. 29). Likewise, High Level, Ralha, and Peres (the "High Level Defendants") filed crossclaims against all co-defendants. (ECF No. 30.)

Relevant here, third-party Defendant Gowanus filed its answer to the Amended Third-Party Complaint (ECF No. 36) and now seeks to amend its answer to assert two crossclaims for contractual and common law indemnification against CCCC and High Level. (ECF No. 62, 64.) High Level opposes the amendment. (ECF No. 63.) For the reasons stated below, Gowanus' Motion to Amend its pleading (ECF No. 62) is **GRANTED** in part and **DENIED** in part.

## FACTUAL BACKGROUND

Plaintiffs commenced the underlying action on October 31, 2025, asserting various claims against Defendants for violations of the FLSA and the NYLL, including the failure to pay wages and overtime wages. (*See generally*, ECF No. 1.) Gowanus was joined in the underlying action through the Amended Third-Party Complaint, filed by BCG. (ECF No. 29 at 33-36.)

BCG provides construction management advisory services, whereas Gowanus provides development, brokerage and management services in the construction industry. (*Id*. at 33.) Gowanus acted as Construction Manager for some or all the relevant construction projects in the underlying action. (*Id*.) Gowanus retained BCG to act as Construction Manager Advisor, pursuant to a Construction Management Agreement ("CMA"), for some or all the relevant construction projects in the underlying action. (*Id*. at 33-34.) Section 9.2(a) of the CMA provides that:

> (a) To the fullest extent permitted by law, the CM (referred to herein as "CM Indemnitor") shall defend, indemnify and hold harmless, the construction Manager

> Advisor, and its respective agents, partners, members, principals, officers, directors and employees (each an "CMA Indemnified Party" or collectively "CMA Indemnified Parties") from and against claims, judgments, damages, losses and expenses, including but not limited to reasonable attorneys' fees, arising out of or in connection with (a) CM's breach of any of terms, covenants or conditions of the Contract Documents including but not limited to CM's contract with the Owner or the requirements of any construction lender(s); (b) any negligent acts, omissions or misconduct of the CM Indemnitor; and (c) any and all violations, fines and/or penalties issued against the Project, any failure to pay for permits, fees, approvals, licenses and inspections as applicable to the Work; except to the extent any of the foregoing directly arise out of the negligence or willful misconduct of the Construction Manager Advisor, it being understood that indemnity and defense shall be provided to Construction Manager Advisor for that portion of such claim that does not arise out of such negligence or willful misconduct of the Construction Manager Advisor.

(*Id*. at 34.)

BCG alleges that some or all the claims asserted in the complaint are covered by the foregoing provision of the CMA, and BCG represents that it has demanded Gowanus to provide BCG with a full defense and indemnification, in addition to the other relevant obligations stated in Section 9.2(a) of the CMA. (*Id*.) However, Gowanus has refused to do so. (*Id*.) BCG's Amended Third Party Complaint asserts the following claims against Gowanus: (1) breach of contract due to Gowanus' alleged failure to defend, indemnify and provide all other relevant protections to BCG as provided in Section 9.2(a) of the CMA; (2) contribution from Gowanus, in the event Plaintiffs secure a judgment against BCG; and (3) indemnification by Gowanus, in the event Plaintiffs secure a judgment against BCG. (*Id*. at 35.) In Gowanus' Answer to the Amended Third Party Complaint, it asserted three separate defenses. (ECF No. 36 at 3-4.) Yet, it did not include the two crossclaims for contractual and common law indemnification against CCCC and High Level that it seeks to assert by amending its pleadings. (ECF No. 62-5 at 4-5.)

**PROCEDURAL BACKGROUND**

For purposes of clarity, the Court outlines only the relevant procedural background to this motion. Plaintiffs filed the underlying action against Defendants on October 31, 2025. (*See generally*, ECF No. 1.) At the Initial Conference, the Court issued an FLSA Initial Discovery deadlines (ECF No. 26), and in addition to the dates set forth within that Order, the parties were directed to file a joint Status Report by March 9, 2026, to notify the Court if: (1) the parties have reached an agreement to settle this case, or (2) if the parties wished to be referred to the EDNY Mediation panel to participate in formal Mediation. (*See* Electronic Order dated 12/23/2025.)

On December 31, 2025, BCG filed its Answer to Plaintiffs' Complaint, crossclaims against all co-defendants, and a Third-Party Complaint against Charney Companies ("Charney"). (ECF No. 27.) However, on January 6, 2026, BCG filed an Amended Third-Party Complaint to be asserted against Gowanus instead. (ECF No. 29.) On January 12, 2026, the High Level Defendants filed their Answer to Plaintiffs' Complaint, asserting crossclaims against all co-defendants (ECF No. 30), and filed their Answer to the crossclaims asserted by BCG (ECF No. 33). The CCCC Defendants filed their Answer to Plaintiffs' Complaint on January 20, 2026. (ECF No. 35.) On January 21, 2026, Gowanus filed its Answer to BCG's Amended Third Party Complaint. (ECF No. 36.)

In January of this year, the parties consented to the undersigned for all purposes. (ECF Nos. 32, 38.) Two months later, the parties were referred to the EDNY Mediation Panel (*see* Electronic Order dated 03/10/2026). The matter did not resolve at that time (*see* ECF No. 50). Thereafter, the Court adopted a Scheduling Order, which governs the current discovery schedule. (ECF No. 53.)

On July 2, 2026, Gowanus requested an extension of the deadline to file amended pleadings, which the Court granted and extended the deadline to July 16, 2026. (*See* ECF No. 58; Electronic Order dated 07/03/2026.) Gowanus filed a pre-motion conference letter to amend, which High Level opposed. (ECF Nos. 58-60.) Upon the Court's waiving of the pre-motion conference requirement, and setting a briefing schedule, the parties filed their motion papers. Gowanus filed its moving papers on July 16, 2026 (ECF No. 62), High Level filed its opposition on July 23, 2026 (ECF No. 63), and Gowanus filed its reply brief on July 27, 2026 (ECF No. 64).

## THE LEGAL FRAMEWORK

Motions to amend pleadings are governed by the Federal Rule of Civil Procedure 15(a). Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave when justice so requires." Generally, "[u]nless there is a showing of bad faith, undue delay, futility or undue prejudice to the non-moving parties, the district court should grant leave to amend." *Adlife Mktg. & Commc'ns Co., Inc. v. Best Yet Mkt., Inc.*, No. 17-CV-02987 (ADS) (ARL), 2018 WL 4568801, at *1 (E.D.N.Y. Sept. 24, 2018) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

The party opposing the proposed amended pleading has the burden of establishing that amendment would be prejudicial or futile. *Jipeng Du v. Wan Sang Chow*, No. 18-CV-01692 (ADS) (AKT), 2019 WL 3767536, at *4 (E.D.N.Y. Aug. 9, 2019). However, the burden to explain the delay rests with the movant. *Pilkington N. Am., Inc. v. Misui Sumitomo Ins. Co. of Am.*, No. 18 Civ. 8152 (JFK), 2021 WL 4991422, at *5 (S.D.N.Y. Oct. 27, 2021). The moving party must attach the proposed amended complaint to the motion, as was done here (*see* ECF No. 62-5), specifying the new claims and/or parties intended to be added. *See Ghaly v. Nissan Motor Acceptance Corp.*, No. 21-cv-01613 (JS) (JMW), 2021 WL 2550389, at *1 (E.D.N.Y. June 22, 2021).

Under Fed. R. Civ. P. 13(g), a party may file a crossclaim against a co-party "if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim[.]" Fed. R. Civ. P. 13(g); *see Favors v. Cuomo*, 881 F. Supp. 2d 356, 373 (E.D.N.Y. 2012) (quoting *Bank of Montreal v. Optionable, Inc.*, No. 09-CV-7557 (GBD), 2011 WL 4063324, at *3 (S.D.N.Y. Aug. 12, 2011) (internal quotations omitted) ("Rule 13(g) is to be construed liberally so as to avoid multiple suits and to encourage the determination of the entire controversy among the parties before the court with a minimum of procedural steps . . . in order to settle as many related claims as possible in a single action.")). "A 'coparty' means any existing party to an action that is not an opposing party." *Mura v. Thomas*, No. 19-CV-8699 (AEK), 2021 WL 4481346, at *8 (S.D.N.Y. Sept. 30, 2021) (citing *Luyster v. Textron, Inc.*, 266 F.R.D. 54, 63-64 (S.D.N.Y. 2010)); *Superb Motors Inc. v. Deo*, No. 23-CV-6188, 2025 WL 2178194, at *5 (E.D.N.Y. Aug. 1, 2025) (same).

Where, as here, a third-party defendant seeks to amend its answer to assert crossclaims, courts evaluate the motion under Fed. R. Civ. P. 15 standards. *See Addonizio v. Simply Thick LLC*, No. 12-CV-4448 (RA), 2012 WL 13390041 (S.D.N.Y. Oct. 26, 2012) (granting leave to amend movant's answer to assert crossclaims pursuant to Fed. R. Civ. P. 13(g) and Fed. R. Civ. P. 15(a)); *see also Skanska USA Bldg. Inc. v. Regeneron Pharms. Inc.*, No. 23-CV-8418 (PMH), 2025 WL 1004408, at *3 (S.D.N.Y. Apr. 3, 2025) (granting leave to amend to crossclaims under "Rule 15(a)(2)'s liberal standard"); *United States v. W. Prods., Ltd.*, No. 95-CV-1424 (CSH), 1997 WL 668210, at *3 (S.D.N.Y. Oct. 27, 1997) ("But that entitlement [to assert crossclaims under Rule 13(g)] does not end the analysis. Rule 15(a) requires [the movant] to obtain leave of Court to file and serve these amended cross-claims.")

Under Rule 15—which applies here since the motion to amend was filed before the deadline to amend—"the court should grant such leave 'freely… when justice so requires' pursuant to Rule 15(a)(2). This is a 'liberal' and 'permissive' standard, and the only 'grounds on which denial of leave to amend has long been held proper' are upon a showing of 'undue delay, bad faith, dilatory motive, [or] futility.'" *Sacerdote v. NYU*, 9 F.4th 95, 115 (2d Cir. 2021) (citations omitted); *see also Reyes v. Yager Esthetics Estetica*, No. 24-cv-3206 (JGK) (VF), 2025 WL 1156761, at *2 (S.D.N.Y. Apr. 21, 2025) ("Rule 16, however, does not apply here because Plaintiff filed his motion within the deadline set by the Court's scheduling order) (referencing *Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 142, 147-48 (S.D.N.Y. 2012) (determining that where a motion to amend "is timely filed, only Rule 15's liberal standard governs")).[2]

**DISCUSSION**

Gowanus seeks leave to amend its Answer to the Amended Third-Party Complaint, in which it would assert crossclaims for contractual and common law indemnification against CCCC and High Level. (ECF Nos. 62; 62-5 at 4-5.) In its proposed crossclaim, Gowanus contends that the agreement between it and CCCC creates an obligation for CCCC and High Level to indemnify Gowanus in the underlying action. (ECF No. 62-1 at 1.) Gowanus argues that under Articles 12.1, 12.3, and 12.4 of the Agreement "CCCC agreed to indemnify Gowanus for any claims arising out of or related to, among other things, 'the failure of Subcontractor to fully comply with all terms of any Federal, State or local governmental laws . . .'" *Id.*[3]

---

[2] The instant application was timely made prior to the deadline and thus, Fed. R. Civ. P. 16(b)(4) is not triggered. (*See* Electronic Order dated 07/03/2026.)

[3] The relevant section of the Agreement can be found at ECF No. 62-3 at 20-21.

High Level opposes the instant motion, arguing that Gowanus has not met its burden for the pleading standard to assert crossclaims against High Level. Indeed, High Level states that Gowanus' proposed crossclaims fail because Gowanus did not "disclose the documents or other evidentiary material that supports its perceived claims against High Level," thus, failing to sufficiently allege a duty by High Level to indemnify Gowanus. (ECF No. 63 at 8.) The Court analyzes the relevant factors below to determine if the proposed amendment should proceed.

**i. <u>Undue Delay</u>**

"Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (citation omitted). *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (emphasizing prejudice and bad faith over delay). Ordinarily, "[t]he moving party must explain any delay but the party opposing the amendment bears the burden of showing bad faith, prejudice, or futility." *W. Waterproofing Co., Inc. v. Zurich Am. Ins. Co.*, No. 20-CV-3199 (CM), 2023 WL 7183899, at *8 (S.D.N.Y. Nov. 1, 2023) (quoting *United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 285 F. Supp. 3d 759, 766 (S.D.N.Y. 2018)) (internal quotations omitted).

Here, High Level argues that there is undue delay because Gowanus "failed to demonstrate that the information they depend upon for their amendment (i.e., indemnity claims against High Level) is not already known and/or is not readily discoverable prior to the amendment deadline." (ECF No. 63 at 6.) However, preexisting knowledge of pertinent information prior to the amendment deadline is not dispositive of undue delay. *See Sea Trade Co. v. FleetBoston Fin. Corp.*, No. 03-CV-10254 (JFK), 2006 WL 2786081, at *1 (S.D.N.Y. Sept. 26, 2006) (finding no undue delay because although defendant may have had necessary

information to assert its claims at the time of the initial answer, it needed to continue its investigation to verify the basis for its counterclaims and sought to timely amend after.); *see also Multi-State P'ship for Prevention, LLC v. Kennedy*, No. 24-CV-00013 (JMW), 2026 WL 121081, at *4 (E.D.N.Y. Jan. 16, 2026) ("Courts have found no undue delay exists where information underlying the proposed amendments was discovered after the filing of the initial complaint and the movant filed the motion to amend shortly thereafter."); *see also United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 603 F. Supp. 3d 77, 89 (S.D.N.Y. 2022) ("As to delay, although . . . [the movant] could have brought this cross-claim earlier in the case, in the absence of prejudice or bad faith, undue delay is not in itself a basis to reject a motion to amend.") (collecting cases). Moreover, Gowanus correctly avers that "[i]t is not undue delay to timely move to amend a pleading in accordance with a court order." (ECF No. 64 at 1.) The timing of the instant application is not in dispute as the Court granted an extension prior to the deadline and thus, Fed. R. Civ. P. 16(b)(4) is not triggered (*see* Electronic Order dated 07/03/2026) and accordingly, deadline and timing assertions are irrelevant. Accordingly, there is no reason to find undue delay. *See Puchalski v. FM Constr., Inc.*, No. 18-CV-1596 (SJB), 2020 WL 6727777, at *10 (E.D.N.Y. Nov. 16, 2020) (finding no undue delay when plaintiff met the filing deadline, after being granted an extension of time to file its moving papers). Therefore, this factor weighs *in favor* of granting the motion.

**ii. <u>Bad Faith</u>**

Next, for bad faith "a finding that a party is seeking leave to amend solely to gain a tactical advantage supports a finding that such an amendment is made in bad faith." *AA Med. P.C. v. Almansoori*, No. 20-CV-03852 (DG) (JMW), 2023 WL 7688688, at *6 (E.D.N.Y. Oct. 4, 2023), *report and recommendation adopted*, No. 20-CV-03852 (DG) (JMW), 2024 WL 168332

(E.D.N.Y. Jan. 16, 2024) (citing *Feuer v. Cornerstone Hotels Corp.*, No. 14-CV-5388 (JFB) (SIL), 2017 WL 3841841, at *5 (E.D.N.Y. Aug. 4, 2017), *report and recommendation adopted*, 2017 WL 3842350 (E.D.N.Y. Aug. 31, 2017)). Here, there is not a scintilla of evidence that would support finding bad faith, namely, that the motion to amend was brought solely to gain a tactical advantage. Indeed, the burden is on the party opposing the amendment to establish bad faith. *See Contrera v. Langer*, 314 F. Supp. 3d 562, 567 (S.D.N.Y. 2018) ("[T]he party opposing the amendment 'bears the burden of showing prejudice, bad faith, and futility of the amendment.'") (citations omitted). Gowanus avers that the instant motion was "not submitted for an improper purpose or through bad faith." (ECF No. 62-1 at 4.) Likewise, High Level fails to argue this entirely in its opposition. (ECF No. 63.) Nonetheless, nothing leads to a finding of bad faith, and this factor weighs *in favor* of granting the motion.

**iii. <u>Prejudice</u>**

Prejudice to the nonmovant is perhaps the most important factor when determining whether to grant a claimant's leave to amend and is often the "most frequent reason for denying leave to amend." *Ruotolo*, 514 F.3d at 191. When considering whether the opposing party may be prejudiced, courts consider whether the new claim would: (1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; (3) prevent the plaintiff from bringing a timely action in another jurisdiction. *Block*, 988 F.2d at 350. "The degree of potential prejudice a motion to amend may cause is evaluated against the overall progress of the litigation: the closer to the end of discovery or the closer to trial a motion to amend is filed, the more likely that it will cause prejudice and delay to the nonmoving party." *Mohegan Lake Motors, Inc. v. Maoli*, No. 16-CV-6717 (NSR)(LMS), 2018 WL 4278352, at *5 (S.D.N.Y. June 8, 2018).

High Level fails to allege that permitting Gowanus' amendment would prejudice High Level. (*See generally*, ECF No. 63.) "Though it is [the non-movant's] burden to show undue prejudice, the Court will nevertheless evaluate whether there is any undue prejudice." *Superb Motors, Inc.*, 2025 WL 2178194, at *7 (citations omitted). The underlying action is still in its infancy, as it is less than a year old, and discovery started nearly a month ago and is set to close more than four months from now, on December 31, 2026. (ECF No. 53 at 3.) With that, further discovery, if any, related to the crossclaims would not prejudice High Level. *See State Tchrs. Ret. Bd. v. Fluor Corp.*, 589 F. Supp. 1268, 1270 (S.D.N.Y. 1984) (finding that permitting the crossclaim would not prejudice the non-movant given the scope and progress of litigation); *see also Hossain v. Unilever United States, Inc.*, No. 21-CV-2833 (FB) (TAM), 2023 WL 4405654, at *6 (E.D.N.Y. July 7, 2023) ("[S]ome limited, additional discovery and delay are not sufficient grounds to preclude granting [the movant] permission to amend."). As to the third factor, it appears irrelevant here since neither party raised the issue. *See Superb Motors*, 2025 WL 2178194, at *7 (finding the same). Accordingly, little to no prejudice exists, and this factor too weighs *in favor* of granting the motion.

**iv. <u>Futility</u>**

An amendment is futile if the proposed claim could not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *IBEW Local Union No. 58 Pension Trust Fund and Annuity Fund v. Royal Bank of Scotland PLC*, 783 F.3d 383, 389 (2d Cir. 2015). Courts in this Circuit routinely deny motions to amend solely based on futility of the proposed amendments. *See, e.g., 6340 NB LLC v. Cap. One, N.A.*, No. 20-CV-02500 (OEM) (JMW), 2024 WL 3694262, at *7 (E.D.N.Y. Mar. 11, 2024) (denying the movant's motion to amend its answer where "[a]lthough Defendant appears to have overcome the delay and prejudice prongs, the futility factor points in a far

different direction."); *Schwasnick v. Fields*, No. 08-CV-4759 (JS) (ARL), 2010 WL 2679935, at *11 (E.D.N.Y. June 30, 2010) ("In this case, there is no evidence of undue delay, bad faith, dilatory motive, or prejudice to Defendant. However, granting leave to amend would be futile because the [pleading], even with further amendments could not survive a 12(b)(6) motion"); *McGrath v. Indus. Waste Techs*., No. 20 Civ. 2858 (KPF), 2021 WL 791537, at *8 (S.D.N.Y. Feb. 26, 2021) (internal citations and quotations omitted) ("[L]eave to amend may independently be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact[.]")

The party opposing the amendment bears the burden of proving futility. *FC Online Marketing, Inc. v. Burke's Martial Arts, LLC*, No. 14-CV-03685 (SJF) (SIL), 2016 WL 11481193, at *7 (E.D.N.Y. Sept. 30, 2016) (collecting cases). As such, when a party objects to a motion to amend on futility grounds, "the moving party must merely show that it has at least colorable grounds for relief." *Copantitla v. Fiskardo Estiatorio, Inc*., No. 09 Civ. 1608, 2010 WL 1327921, at *3 (S.D.N.Y. Apr. 5, 2010) (internal quotation marks omitted). Accordingly, the undersigned considers the futility factor.

The attached agreement illustrates that Gowanus and CCCC agreed that the governing law of the Agreement would be the laws of the State of New York. (ECF No. 62-3 at 29.) In New York, indemnification claims "must be grounded in contract either express or implied." *Cohen v. Elephant Wireless, Inc.*, 03-CV-4058 (CBM), 2004 WL 1872421, at *11 (S.D.N.Y. Aug. 19, 2004). Indemnification is a restitution concept which "allows shifting of loss to avoid unjust enrichment of one party at the expense of another." *Lewis v. Rosenfeld*, 00-CV-5368 (SAS), 2002 WL 441185, at *4 (S.D.N.Y. Mar. 20, 2002). However, until payment is made to the claimant, or a third-party action is filed, a cause of action for indemnification does not even

begin to accrue. *Mars Assoc. v. New York City Educ. Constr. Fund*, 126 A.D.2d 178, 191, 513 N.Y.S.2d 125 (N.Y. App. Div. 1st Dep't 1987) (explaining that "technically a claim for indemnity does not arise until the prime obligation to pay has been established" however, the CPLR "allows third-party actions to be commenced in certain circumstances before they are technically ripe, so that all parties may establish their rights and liabilities in one action.")

a. Contractual Indemnification

High Level opposes the proposed amendment because Gowanus did not "disclose the documents or other evidentiary material that supports its perceived claims against High Level." (ECF No. 63 at 8.) Courts in the Second Circuit have found that "[a] party is entitled to full contractual indemnification provided that the intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances." *Great N. Ins. Co. v. Laboz*, No. 20-CV-9186, 2024 WL 689478, at *9 (S.D.N.Y. Feb. 20, 2024), *reconsideration denied*, No. 20-CV-9168, 2024 WL 1657729 (S.D.N.Y. Apr. 17, 2024) (quoting *Drzewinski v. Atl. Scaffold & Ladder Co.*, 515 N.E.2d 902, 904 (N.Y. 1987)).

"While it is true that the pleading standards may be lessened somewhat for third-party claims, which may be read in conjunction with the original pleadings . . . third parties seeking indemnification . . . must still set forth enough facts to state a claim to relief that is plausible on its face." *Cubilete v. United States*, 469 F. Supp. 3d 13, 20 (E.D.N.Y. 2020) (citations and internal quotations omitted); *see also Energy Brands, Inc. v. Jorgensen*, No. 09-CV-591A, 2011 WL 282354, at *7 (W.D.N.Y. Jan. 25, 2011) (dismissing indemnification crossclaims as a result of conclusory allegations); *Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. Of Oregon, Inc.*, 156 F. Supp. 3d 348, 361 (E.D.N.Y. 2016) (finding that although the movant's crossclaim

referenced the original complaint, it did not "contain a single independent fact" beyond "boilerplate language" indicating why the non-movant was obligated to indemnify the movant.).

As to Gowanus' crossclaim against CCCC for contractual indemnification, Gowanus provided enough factual support to state a claim for relief that is plausible on its face by providing the signed contract between the parties. *See Great N. Ins. Co.*, 2024 WL 689478, at *9-10 (finding that the contractual provision explicitly stating the obligation to indemnify the moving party entitled it to contractual indemnification against the non-moving party.). Article XII of the Agreement between Gowanus and CCCC provides:

> **ARTICLE XII- INDEMNIFICATION**
>
> **12.1** To the fullest extent permitted by law, the Subcontractor shall defend indemnify and hold Contractor, Owner, and the Additional Insureds as hereinafter described, the Architect and the Design Consultants (excluding, with respect to the Architect and the Design Consultants, claims arising with respect to the preparation or approval of the Drawings or the Specifications), and their respective officers, partners, employees, agents and representatives (hereinafter the "indemnitees") harmless from and against all liability, damage, loss, claims, demands and actions of any nature whatsoever which arise out of or are connected with, or are claimed to arise out of or be connected with:

(ECF No. 62-3 at 20.)

Therefore, there is an express clause signed by CCCC. Indeed, CCCC has not filed opposition to the instant application. Additionally, within the Agreement's exhibits is a list of "Indemnified Partes and Additional Insureds" to which Gowanus is listed.

2.7. List of Indemnified Parties and Additional Insureds:

| | |
|---|---|
| *Gowanus Douglass Street Sponsor JV LLC;* | *19 W 24th St 12th Fl, New York, NY 10010* |
| *Gowanus Douglass Street Manager LLC;* | *19 W 24th St 12th Fl, New York, NY 10010* |
| *Gowanus Douglass Street QOZF LLC;* | *19 W 24th St 12th Fl, New York, NY 10010* |
| *Gowanus Douglass Street OZ Holdings;* | *19 W 24th St 12th Fl, New York, NY 10010* |
| *Gowanus Douglass Street LLC;* | *19 W 24th St 12th Fl, New York, NY 10010* |
| *Gowanus Douglass Charney LLC;* | *5-26 46th Avenue, Suite 2A, Long Island City, NY 11101* |
| *Charney Companies LLC;* | *5-26 46th Avenue, Suite 2A, Long Island City, NY 11101* |
| *Charney Real Estate LLC;* | *5-26 46th Avenue, Suite 2A, Long Island City, NY 11101* |
| *Charney Property Management LLC;* | *5-26 46th Avenue, Suite 2A, Long Island City, NY 11101* |
| *Gowanus Douglass CM LLC;* | *5-26 46th Avenue, Suite 2A, Long Island City, NY 11101* |
| *Tavros Holdings LLC;* | *19 W 24th St 12th Fl, New York, NY 10010* |
| *Tavros Development Partners LLC;* | *19 W 24th St 12th Fl, New York, NY 10010* |
| *Tavros Capital Partners USA LLC;* | *19 W 24th St 12th Fl, New York, NY 10010* |
| *Canyon OZF Douglass L.P.;* | *1370 Avenue of the Americas, 30th FL. New York, NY 10019* |
| *First-Citizens Bank & Trust Company, ISAOA/ATIMA;* | *75 N. Fair Oaks Ave. (CLASS-PAS-04-02), Pasadena, CA 91103* |
| *Broadway Construction Group, LLC;* | *140 Broadway, 41st Floor, New York, NY 10005* |
| *233 Nevins Street LLC;* | *233 Nevins Street, Brooklyn, NY 11217* |
| *255 Douglas RE LLC;* | *255 Douglass Street, Brooklyn, NY 11217* |

(*Id.* at 57.)

Thus, Gowanus' proposed crossclaim for contractual indemnification against CCCC is not futile as it is likely to survive a motion to dismiss.

However, as it relates to High Level, given that High Level disputes the existence of a contract between High Level and CCCC, and without any further documentation or opposition to say otherwise by CCCC, the Court finds that the contractual crossclaim as against High Level would unlikely to survive a motion to dismiss. *See Travelers Prop. Cas. Co. of Am. v. Friedrich Air Conditioning, LLC*, No. 22-CV-585 (ECC)(PJE), 2026 WL 865822, at *4 (N.D.N.Y. Mar. 30, 2026) (collecting cases) (internal citations omitted) ("Here, the TPCs do not contain well-pled allegations that would establish the existence of a contract with an indemnification clause benefitting either Third-Party Plaintiff, and instead rely on conclusory assertions that the terms of relevant contracts 'speak for themselves.' This is not adequate to state a claim for express contractual indemnification."); *see also Am. Nat. Theatre & Acad. v. Am. Nat. Theatre*

*Inc.*, No. 05-CV-4535 (JGK), 2006 WL 4882916, at *4 (S.D.N.Y. Sept. 27, 2006) (internal citations omitted) ("While it has alleged that a contract existed, the Court is not required to accept the plaintiff's conclusory allegations or legal conclusions on a motion to dismiss."); *see also id* (quoting *Achtman v. Kirby, McInerney & Squire, LP*, 464 F.3d 328, 337 (2d Cir. 2006) (citations and internal alterations omitted) ("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss.")).

Accordingly, Gowanus' crossclaim for contractual indemnification against High Level should not proceed. But that does not end the inquiry.

b. Implied Indemnification

"Implied [or common law] indemnity is a restitution concept which permits shifting the loss because to fail to do so would result in the unjust enrichment of one party at the expense of the other." *Mas v. Two Bridges Assocs. by Nat. Kinney Corp.*, 554 N.E.2d 1257, 1262 (N.Y. 1990); *see also HK Kolmar USA, LLC v. Wormser Corp.*, 813 F. Supp. 3d 430, 456 (S.D.N.Y. 2025) (same). Because Gowanus has sufficiently pled a contractual indemnification claim against CCCC, we need not address its claim for common law indemnification claim against CCCC. *See HK Kolmar USA, LLC*, 813 F. Supp. 3d at 456 ("A party's right to indemnification may arise from a contract or may be implied."); *see also Frio Energy Partners, LLC v. Fin. Tech. Leverage, LLC*, 680 F. Supp. 3d 322, 338-39 (S.D.N.Y. 2023) (discussing quasi contract claims "arising out of the same subject matter" ) ("These cases, and others, indicate that quasi-contractual claims should be dismissed at the motion to dismiss stage where a provision in a valid contract between the parties clearly covers the dispute between the parties.")

However, because Gowanus failed to sufficiently allege contractual indemnification against High Level, the Court proceeds with considering whether Gowanus has asserted enough allegations for an implied or common-law indemnification claim against High Level.

Under New York law, the right to common-law indemnification may be created by an express contractual provision or implied. *See Rosado v. Proctor & Schwartz*, 484 N.E.2d 1354, 66 N.Y.2d 21, 24 (N.Y. 1985).

> There are two sets of circumstances in which an implied right to indemnification may be found: (1) an implied right to indemnification may be based on the *special* nature of a contractual relationship between the parties, known as an implied contract theory of indemnity or implied in fact indemnity or (2) a tort-based right to indemnification may be found when there is a great disparity in the fault of two tortfeasors, and one of the tortfeasors has paid for a loss that was primarily the responsibility of the other, known as implied in law indemnity.

*Fair Hous. Just. Ctr., Inc. v. 203 Jay St. Assocs., LLC*, No. 21-CV-1192 (NGG) (JRC), 2024 WL 3934518, at *9 (E.D.N.Y. Aug. 26, 2024) (citations and internal quotations omitted) (emphasis in the original).

"A party's burden of 'establishing an implied agreement to indemnify is a heavy one, especially in business relationships where parties are free to negotiate for express indemnification clauses.'" *Landtek Grp., Inc. v. N. Am. Specialty Flooring, Inc.*, No. 14-CV-1095 (SJF)(AKT), 2016 WL 11264722, at *34 (E.D.N.Y. Aug. 12, 2016), *report and recommendation adopted*, No. 14-CV-1095 (SJF)(AKT), 2016 WL 8671839 (E.D.N.Y. Sept. 16, 2016).

Here, Gowanus has not sufficiently pleaded any facts that would establish an obligation running from High Level to Gowanus for implied indemnification. *See Superb Motors Inc. v. Deo*, 776 F. Supp. 3d 21, 109–10 (E.D.N.Y. 2025), *adhered to in part on reconsideration*, No. 23-CV-6188 (JMW), 2025 WL 2178194 (E.D.N.Y. Aug. 1, 2025), *and motion to certify appeal denied*, No. 23-CV-6188 (JMW), 2026 WL 130912 (E.D.N.Y. Jan. 19, 2026) (finding same). Gowanus only claims the following:

> Gowanus LLC denies all liability associated with this action but, in the event of any judgment in favor of Plaintiff that attributes liability or damages, in whole or in part, to Gowanus LLC, Gowanus LLC is entitled to be indemnified and held harmless by CCCC and/or High Level on the grounds that any liability as against Gowanus LLC would be secondary, constructive, technical, imputed, and/or vicarious, whereas the liability of CCCC and High Level would be primary, direct, and active.

(ECF No. 62-5 at 4-5.)

No special relationship was pleaded, nro were any facts alleged that would give rise to a plausible theory of implied indemnification. Put simply Gowanus has not sustained its heavy burden to establish an implied duty in the proposed pleading. While Gowanus correctly contends it need not prove its crossclaim at the pleading stage (ECF No. 64 at 1), at a bare minimum it must set forth a sufficient factual basis, beyond conclusory allegations, to establish a right to implied indemnification is plausible. *See Superb Motors Inc.*, 776 F. Supp. 3d at 109-10. At bottom, Gowanus fails to meet the appropriate pleading standards for its common-law implied indemnification claim against High Level. *See Pinto v. Midway Grocery, Corp.*, No. 21-CV-00778 (JMW), 2022 WL 20537490, at *1, n.2 (E.D.N.Y. Oct. 14, 2022) (discussing that cross claims for indemnification are commonly asserted).

Accordingly, Gowanus' crossclaim for common-law indemnification against High Level may not proceed.

## CONCLUSION

For the foregoing reasons, Gowanus' Motion to Amend its Answer (ECF No. 62) is **GRANTED** in part as to the crossclaims against CCCC and **DENIED** in part as to the crossclaims against High Level. Gowanus shall file its respective amended pleading in accordance with this Order on ECF on or before August 17, 2026.

Dated: Central Islip, New York.
August 11, 2026

**S O O R D E R E D:**

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge